UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SORRELS and JODI SORRELS,, <br><br> Plaintiffs, <br><br> v. <br><br> J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC, *et al.*, <br><br> Defendants. | Civil No. 09cv2884 L(WMc) <br><br> **ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **and DISMISSING ACTION WITHOUT PREJUDICE** |

On December 23, 2009, plaintiffs, who are represented by counsel, filed a coomplaint alleging violation of the Truth-in-Lending Act, breach of written contract, breach of the implied covenant of good faith and fair dealing, negligence, fraud, conspiracy to defraud, forgery, unjust enrichment, and negligent misrepresentation. At the same time, plaintiffs filed a motion to proceed *in forma pauperis* and supporting declaration.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00 *See* 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1) (emphasis added).

A plaintiff need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). He must, however, demonstrate his poverty with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)(per curiam ). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, plaintiffs indicate that their combined take-home salary is $2,995.00, and they receive a $2,000.00 per month housing allowance. Their checking account balance is $1,000.00. Additionally, the plaintiffs have approximately $8,000.00 in a credit union account and each have approximately $1,800.00 in IRA accounts. Their car is not financed and no debt is listed in their motion and declaration. The plaintiffs provide $100.00 per month to plaintiff Jodi Sorrels's mother.

Having reviewed plaintiffs' financial information, the Court finds no basis whatsoever to allow this action to go forward without the payment of the filing fee. Accordingly, plaintiffs' motion to proceed *in forma pauperis* is **DENIED**, and the complaint is **DISMISSED** without prejudice. Pursuant to this Order, plaintiffs are granted 30 days in which to pay the filing fee required to maintain this action *or* to file an amended motion and declaration under penalty of

/ / /
/ / /
/ / /
/ / /
/ / /

perjury in support of the motion to proceed *in forma pauperis* which provides any and all information supporting *in forma pauperis* status.  If plaintiffs choose to file an amended IFP motion as provided herein, they must attach a copy of this Order.

**IT IS SO ORDERED.**

DATED: January 4, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL