UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SORRELS and JODI SORRELS,,<br><br>     Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC, *et al.*,<br><br>     Defendants. | Civil No. 09cv2884 L(WMc)<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT EQUIPOINT'S MOTION TO DISMISS [doc. #10]** |

**Background**

On March 13, 2007, plaintiffs signed their final loan documents with Equipoint Financial Network, Inc. ("Equipoint") that served to refinance their residential property. Plaintiffs received a letter dated May 1, 2007, from Equipoint that indicated EMC Mortgage Corporation would begin serving the loan on June 1, 2007. At that same time, they learned that the promissory note was then owned by Bear Sterns Mortgage, which was subsequently taken over by JP Morgan, the current owner of the note. After reviewing the EMC statement, plaintiffs contend the interest rate on the loan was incorrect and they neither agreed to the higher interest rate nor signed any documents reflecting this change. In response to the allegedly erroneous statement, plaintiffs sought documents from EMC.  The documents EMC provided to plaintiffs with the higher interest rates are dated April 24, 2007, and appear to contain plaintiffs' signatures but plaintiffs assert they are forgeries. In the complaint, plaintiffs allege, *inter alia*, on information and belief,

that Equipoint forged plaintiffs signatures on the new documents in a conspiracy to defraud the plaintiffs. (Compl., ¶¶ 25-30.)

Equipoint filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 20, 2008. The Bankruptcy Court confirmed the debtor's fourth amended plan of reorganization on May 27, 2009.

Plaintiffs filed the present complaint on December 23, 2009, against Equipoint and others alleging the following causes of action: violation of the Truth in Lending Act, breach of written contract, breach of the implied covenant of good faith and fair dealing, negligence, fraud, conspiracy to defraud, forgery, unjust enrichment, and negligent misrepresentation. The complaint also seeks declaratory judgment and rescission/cancellation of the current mortgage loan.

Equipoint, as the reorganized debtor, moves to dismiss the complaint in its entirety because the claims are barred under 11 U.S.C. § 1141. Plaintiffs oppose the motion.

**Discussion**

Under bankruptcy law, confirmation of a bankruptcy plan discharges a debtor from any debt that arose before the date of confirmation, "whether or not (i) proof of claim based on such debt is filed or deemed filed ...; (ii) such claim is allowed ...; or (iii) the holder of such claim has accepted the plan." 11 U.S.C. § 1141(d)(1)(A). "A discharge ... operates as an injunction against the continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). The Ninth Circuit has explained that whether section 1141(d) discharges a claim hinges upon when the alleged misconduct occurred. *O'Loghlin v. County of Orange*, 229 F.3d 871, 874-75 (9th Cir. 2000).

EMC argues that because the Confirmation Order discharges it from any debt that arose prior to the May 27, 2009 date of confirmation, plaintiffs are prohibited and enjoined from prosecuting this action. Plaintiffs' claims would survive the discharge injunction only if they arose subsequent to the confirmation date of May 27, 2009. All of plaintiffs' claims against Equipoint, including the alleged forgery, arose prior to the date of the Plan confirmation and therefore, the claims are barred by the discharge injunction.

But plaintiffs contend that they have pleaded causes of action that are not precluded by a Chapter 11 confirmed plan because their claims against Equipoint are non-dischargeable under § 523(a)(2), (4) and (6) of the Bankruptcy Code. Although certain debts are not dischargeable in bankruptcy, the creditor must institute an action in the bankruptcy court, not the district court, to have the debt declared exempt from the bankruptcy proceedings. *See* Bankruptcy Rule 4007 (setting forth the procedure for determination of the dischargeability of a debt, and requires the filing of a complaint by the creditor). In their opposition to the motion to dismiss, plaintiffs contend they were not aware of the bankruptcy proceedings but nevertheless they must seek a dischargeability ruling in the bankruptcy court that issued the discharge prior to filing this action against Equipoint, the reorganized debtor.

A more fundamental error also exists in plaintiffs' suggestion that their claims are nondischargeable under § 523 of the Bankruptcy Code. Section 523 sets for sixteen categories of debts that are not discharged if the debtor is an *individual*. In other words, the section 523 exceptions to discharge apply only to individuals in bankruptcy and do not apply when the debtor is not an individual. 11 U.S.C. § 523(a). Here, the debtor, Equipoint, is not an individual and the exceptions to discharge are not applicable to it.

## Conclusion

Plaintiffs' complaint against Equipoint must be dismissed in its entirety. Equipoint was granted a discharge under 11 U.S.C. § 1141. All the wrongful acts alleged caused by Equipoint arose before the date of the Plan confirmation on May 27, 2009. The exceptions to dischargeability under 11 U.S.C. § 523 that plaintiffs assert must first be determined in the bankruptcy court but the exceptions to dischargeability are applicable only to individuals, which Equipoint is not. Accordingly, defendant Equipoint's motion to dismiss is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

DATED: February 3, 2011

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. WILLIAM McCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL