UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SORRELS and JODI SORRELS,, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> J.P. MORGAN CHASE NATIONAL ) <br> CORPORATE SERVICES, INC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 09cv2884 L(WMc) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [doc. #14] and GRANTING LEAVE TO AMEND** |

Defendants J.P. Morgan Chase Bank, N.A.[1] and EMC Mortgage Corporation ("defendants") move to dismiss plaintiffs' complaint. The motion has been fully briefed and considered without oral argument.

**A.    Background**

On March 13, 2007, plaintiffs signed their final loan documents with Equipoint Financial Network, Inc. ("Equipoint") that served to refinance their residential property. Plaintiffs received a letter dated May 1, 2007, from Equipoint that indicated EMC Mortgage Corporation ("EMC") would begin serving the loan on June 1, 2007. When reviewing the first EMC statement dated May 7, 2007, plaintiffs noted that the interest rate on the loan was incorrect. Plaintiffs allege they neither agreed to the higher interest rate nor signed any documents reflecting this change. In

---

[1]    Defendant J.P. Morgan Chase Bank, N.A. asserts it was erroneously sued as J.P. Morgan Chase National Corporate Services, Inc.

response to the allegedly erroneous statement, plaintiffs sought documents from EMC. The documents EMC provided to plaintiffs with the higher interest rates indicated are dated April 24, 2007, and appear to contain plaintiffs' signatures but plaintiffs assert they are forgeries because they only signed one set of documents on March 13, 2007. In the complaint, plaintiffs allege, *inter alia*, on information and belief, that all of the defendants intentionally and knowingly forged plaintiffs signatures on the new documents in a conspiracy to defraud the plaintiffs. (Compl., ¶34.)  Plaintiffs also allege on information and belief, "JPMorgan is the beneficiary and/or assignor [sic] of the Deed of Trust" and "EMC is servicer and/or beneficiary and/or assignee of Deed of Trust . . . ." (Compl., ¶¶ 2, 3.)

Plaintiffs filed the present complaint on December 23, 2009, against defendants[2] alleging the following causes of action: violation of the Truth in Lending Act, breach of written contract, breach of the implied covenant of good faith and fair dealing, negligence, fraud, conspiracy to defraud, forgery, unjust enrichment, and negligent misrepresentation.  The complaint also seeks declaratory judgment and rescission/cancellation of the current mortgage loan.

### B.     Legal Standard

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal.

---

[2]     Defendant Equipoint has been dismissed with prejudice from this action.

*Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

/ / /

/ / /

/ / /

### C. Discussion

#### 1. TILA

##### a. Liability Under TILA

Liability under TILA applies to creditors and their assignees. See 15 U.S.C. §§ 1640, 1641. Loan servicers cannot be held liable under TILA unless they owned the loan obligation at some point. 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); *see also Mulato v. WMC Mortg. Corp.*, 2009 WL 3561536 *6 (N.D. Cal., Oct. 27, 2009) ("As a loan servicer that has not been alleged to own Plaintiff's mortgage notes, Chase cannot be held liable for TILA violations.").

As noted above, plaintiffs allege that JP Morgan and EMC are the beneficiary or assignee of the Deed of Trust, with EMC also acting as the loan servicer. Both defendants assert that neither has ever had any interest in the loan or Deed of Trust as demonstrated by the recorded instruments. (Reply at 2.) The Court cannot consider defendants' own representations at the motion to dismiss stage.

In their complaint, plaintiffs point to Exhibit G as forming the basis for their assertion that Bear Stearns and ultimately JP Morgan owned the note. Exhibit G is the first statement plaintiffs received from EMC dated May 7, 2007. Because Exhibit G is attached to the complaint, the Court may consider it as incorporated into the complaint. The May 7, 2007 Statement includes a small, set off section entitled "Important Messages" and states "Why wait? **Start saving today** with a Bear Stearns Residential Mortgage Refinance. Call us at **1-866-658-BEAR** today!" (Exh. G to the l. (emphasis in original)) This statement cannot be read as anything other than an advertisement or solicitation for business. It does not suggest or imply that plaintiffs' loan with Equipoint had been transferred, sold or assigned to Bear Stearns. To suggest otherwise is implausible. Plaintiffs cannot reasonably argue that at the time of filing the complaint JP Morgan and EMC were the owners of the obligation based upon Exhibit G.

Although the Court accepts all allegations of material fact in the complaint as true and

construes them in the light most favorable to the non-moving party, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not ... necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted). Further, Rule 11(b) requires that reasonable inquiry be made prior to the filing of a complaint, and only those factual allegations that have evidentiary support or are likely to have evidentiary support should be included. Here, plaintiffs would have known that the EMC May 7, 2007 Statement was not a notice of assignment or sale of their loan to Bear Stearns.

In their opposition to defendants' motion, plaintiffs contend they need to perform discovery to determine whether EMC and JP Morgan were the assignees or purchasers of the loan. (Opp. at 3.) But an attorney certifies when presenting a pleading that a reasonable inquiry has already occurred with respect to factual contentions such as who the holder of the note is. Exhibit G does not provide a reasonable basis for the challenged position that Bear Stearn and subsequently JP Morgan is the owner of the obligation. Accordingly, defendants' motion to dismiss the TILA cause of action against JP Morgan and EMC based on the alleged assignment of the loan is granted. The claim is dismissed without prejudice because it is not absolutely clear from the pleadings that given the opportunity they cannot show EMC and JP Morgan were assignees of the note from Equipoint, the originating lender. *See In re Daou Systems, Inc.*, 411 F.3d 1006, 1013 (9th Cir.2005) (explaining that dismissal for failure to state a claim is generally without prejudice, unless it is clear the complaint could not be saved by amendment). Plaintiffs must however meet the requirements of Rule 11 if they intend to go forward with this action against these defendants.

        **b.**  **Statute of Limitation for Damages Under TILA**

Even if plaintiffs have properly brought a TILA claim against defendants, a plaintiff's cause of action for damages under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *King v. State of California*, 784 F.2d 910, 915 (1986). Plaintiffs allege they closed on the loan on March 13,

2007. By bringing this action on December 23, 2009, plaintiffs TILA damages claim is time barred.

Even if plaintiffs' claim did not arise until May 7, 2007, the date they received the first statement for the loan from EMC that plaintiffs contend erroneously stated the interest rate on the loan, the principle balance and the minimum payment on the loan, the one-year limitation period has long expired.

But the Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *Nava v. VirtualBank*, 2008 WL 2873406 at *3 (E.D. Cal. 2008). Courts have discretion to "adjust the limitations period accordingly." *Id.* Depending on the facts of the transaction, certain disclosures might not have been discovered within the one-year time period.

Although damage claims may be susceptible to equitable tolling, plaintiffs do not plead facts supporting application of tolling. Plaintiffs' allegations do not explain how they were prevented from discovering, in the exercise of reasonable diligence, the information necessary to bring their damages claims within the one-year limitations period. *See, e.g., Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir.2003); *Lingad v. Indymac Fed. Bank*, 682 F.Supp.2d 1142, 1147 (E.D. Cal.2010) (rejecting equitable tolling at pleading stage when "plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence") (citing *Meyer* ). Indeed, plaintiffs' assertion that they knew on May 7, 2007 that the interest rate was incorrect works against the application of equitable tolling. Thus, plaintiffs' claim for damages under TILA will be dismissed.

        **c.**    **Tender for Rescission Claim under TILA**

Assuming the timely filing of the complaint provides notice to the creditors and/or assignees of the intent to rescind the transaction, the Court has discretion to require plaintiffs to plead their ability to tender in order to maintain a rescission claim under TILA. *See Yamamoto v. Bank of New York*, 328 F.3d 1167, 1173 (9th Cir. 2003). Requiring a plaintiff to "allege either

the present ability to tender the loan proceeds or the expectation that they will be able to tender within a reasonable time" is appropriate because "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." *Romero v. Countrywide Bank, N.A.*, 2010 WL 2985539 (N.D. Cal. July 27, 2010); *see also Garza v. American Home Mortgage*, 2009 WL 188604 at *5 (E.D. Cal. January 27, 2009).

Here plaintiffs have failed to allege *any* facts relating to their ability to tender the loan proceeds, or that they in fact ever tendered the loan proceeds. The TILA rescission claim will be dismissed without prejudice on this basis.

### 2. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

As discussed above, plaintiffs have not alleged any contractual relationship between themselves and EMC and/or JP Morgan which is a necessary prerequisite to a breach of contract or breach of the implied covenant of good faith and fair dealing claim. Accordingly, these causes of action will be dismissed without prejudice.

### 3. Negligence

Under California Code of Civil Procedure 335.1, an action for negligence must be brought within two years. Because this action was brought more than two years after the cause of action accrued, it must be dismissed.

Further, neither EMC nor JP Morgan owe a duty of care to plaintiffs because neither was involved with the origination of plaintiffs' loan. But even if defendants were lenders by assignment of the note, a financial institution does not owe a duty of care to a borrower "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Federal Savungs and Loan Assn.,* 231Cal. App.3d 1089, 1096 (1991). Plaintiffs have provided no facts to suggest anything other than the existence of a conventional lender relationship.

### 4. Fraud and Negligent Misrepresentation

Defendants contend that the plaintiffs' fraud and negligent misrepresentation claims fail

to meet pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. The Court concurs.

Rule 9(b) requires that "circumstances constituting fraud or mistake . . . be stated with particularity." FED. R. CIV. P. 9(b). A plaintiff asserting fraud must allege facts supporting the following elements: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud, *i.e.,* to induce reliance, (4) justifiable reliance, and (5) resulting damage. *In re Estate of Young*, 160 Cal. App.4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996)). In order to satisfy Rule 9(b)'s particularity requirement, a plaintiff must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988). When a plaintiff alleges fraud against multiple defendants, he or she "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F. Supp.2d 1158, 1163 (C.D. Cal.1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1998)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations omitted).

Plaintiffs' complaint falls far short of providing the allegations necessary for stating a fraud claim. Neither defendant is alleged to have provided a misstatement or omitted information during the origination of the loan or at any time thereafter. Further, plaintiffs fail to allege any facts demonstrating the requisite state of mind for fraud. The fraud and negligent misrepresentation claims will be dismissed without prejudice.

**5. Conspiracy to Defraud**

Plaintiffs state that defendants "entered into a conspiracy and agreement to defraud Plaintiffs" and "rel[ied] on Defendants [sic] misrepresentations . . . . (Compl., ¶¶ 75, 76 .) Other than this assertion, plaintiffs have failed to provide any facts that would show plausible liability

with respect to the formation and operation of a conspiracy. Accordingly, this claim must also be dismissed without prejudice.

### 6. Forgery Under California Code of Civil Procedure § 749(a)

Plaintiffs allege that all the defendants forged the Deed of Trust as part of a conspiracy to defraud the plaintiffs. This "naked assertion" fails to meet the pleading standard of Rule 8 and consequently, Rule 12(b)(6). *Iqbal*, 129 S. Ct. at 1949.

### 7. Unjust Enrichment

Like plaintiffs' other claims, plaintiffs' allegations concerning unjust enrichment fail to provide facts showing that plaintiffs are entitled to relief. The conclusory allegations plaintiffs' provide do not show "plausible liability" with respect to this claim and it will be dismissed without prejudice. *Twombly*, 127 S. Ct. at 1965.

### 8. Declaratory Judgment

Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201. Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief, however, may be unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal.2009). A claim for declaratory relief "rises or falls with [the] other claims." *See Surf & Sand, LLC v. City of Capitola*, 2008 WL 2225684, at *2 n. 5 (N.D. Cal. May 28, 2008). Plaintiffs' request for declaratory relief is redundant in the face of the other causes of action, and it does not appear to be useful in clarifying the legal relations between the parties. Because plaintiffs have not alleged any causes of action that would support declaratory relief, the Court will dismiss this claim.

### 9. Rescission/Cancellation Under California Civil Code § 1689

Under California law, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." *Fleming v. Kagan*, 11 Cal.Rptr. 737, 740 (Ct. App.1961); *see also Karlsen v. Am. Sav. & Loan Assn.*, 92

Cal.Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.") "The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming*, 11 Cal. Rptr. at 740.

As noted above, plaintiffs have not alleged their ability to tender payment of the loan or that they have tendered the loan proceeds. Accordingly, this cause of action will be dismissed without prejudice.

**D.     Leave to Amend the Complaint**

Plaintiffs' complaint will be dismissed in its entirety; however, they will be granted leave to file an amended complaint as to all claims. Counsel is reminded, however, that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010). Under Rule 11, "the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law. One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002) (quotation and citations omitted).

**E.     Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1.     Defendants JP Morgan and EMC's motion to dismiss is **GRANTED without prejudice**; and

/ / /
/ / /
/ / /
/ / /

2. Plaintiffs are **GRANTED** leave to file a First Amended Complaint. If plaintiffs intend to file a FAC, they shall do so no later than **February 28, 2011**.

**IT IS SO ORDERED.**

DATED: February 14, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL